UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIELLE J. PLAIR, as Personal
Representative of the ESTATE of
KALIEB L. SOLOMON, Deceased,

           Plaintiff,

v.

TIMOTHY RICKERT,

           Defendant.
_____/

Case No. 21-cv-12275

Paul D. Borman
United States District Judge

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 38)

On August 2, 2023, this Court issued an Opinion and Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment. (ECF No. 37.)

Two weeks later, Plaintiff Brielle Plair filed a Motion for Reconsideration, which is now before the Court. (ECF No. 38.)

Under Local Rule 7.1(h), "[m]otions for reconsideration of non-final orders are disfavored" and "may be brought only upon the following grounds":

> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of this prior decision;
>
> (B) An intervening change in controlling law warrants a different outcome; or

1

> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

Plair argues, under section A, that "the Court made a mistake" by "appl[ying] the 8th Amendment standard and pre-*Brawner* case law to her *Monell* claims." (ECF No. 38, PageID 2494.) More specifically, she argues that "the Court erred in its analysis of whether [she] was required to establish that [dismissed Defendant] Macomb County 'acted with *deliberate indifference* to Solomon's serious medical needs by failing to monitor him every thirty minutes, to arrange for medical checks on him, and to install an individual emergency button in his cell, before he began to commit suicide.'" (ECF No. 38, PageID 2501) (quoting ECF No. 37.) She maintains that "[a] reasonable jury could find that Macomb County knew *or should have known* that individuals placed in administrative segregation could be threats to themselves or others, and then recklessly failed to act with reasonable care to mitigate that risk." (ECF No. 28, PageID 2501–02.) And she contends that, "[i]n the 14th Amendment context, a plaintiff need only establish that the municipality 'should have known' of the constitutional deprivation, and then intentionally or recklessly failed to act with reasonable care to mitigate the risk caused by those conditions." (ECF No. 38, PageID 2502) (quoting *Kingsley v. Hendrickson*, 576 U.S 389, 397 (2015)).

The Court **DENIES** Plair's motion because it did apply *Brawner* to her *Monell* claims. In its prior Opinion, the Court found that Plair's constitutional claims arose

out of the Fourteenth Amendment. (ECF No. 37, PageID 2445–52.) In assessing (and ultimately declining to dismiss) Plair's constitutional claim against *Defendant Rickert*, the Court recognized that *Brawner* provides:

> "To survive summary judgment on a deliberate indifference claim [under the Fourteenth Amendment], a plaintiff must 'present evidence from which a reasonable jury could find that (1) [] the detainee had an objectively serious medical need; and (2) the defendant's action (or lack of action) was intentional (not accidental) and []he either (a) acted intentionally to ignore the detainee's serious medical need, or (b) recklessly failed to act reasonably to mitigate the risk the serious medical need posed to' the detainee."

(ECF No. 37, PageID 2454) (quoting *Greene v. Crawford Cnty., Mich.*, 22 F.4th 593, 607 (6th Cir. 2022) (quoting *Brawner v. Scott Cnty., Tenn.*, 14 F.4th 585, 597 (6th Cir. 2021))). Eventually, the Court dismissed Plair's first *Monell* claim—the issue here—because "no reasonable jury could find that Macomb 'acted intentionally to ignore' Solomon's 'objectively serious medical need,' nor that Macomb '*recklessly failed to act reasonably to mitigate the risk*' *the need posed to Solomon*, by" implementing its inadequate rounding, welfare check, and intercom policies. (ECF No. 37, PageID 2471–75) (emphasis added). This language and reasoning expressly applied the *Brawner* standard set out above.

    Plair intimates that *Brawner* overruled *Barber's* holding that "'the proper inquiry concerning the liability of a [County] . . . under section 1983 for' 'failure to provide [] suicide deterrence measures' 'is: whether *the decent* showed a strong likelihood that he would attempt to take his own life in such a manner that failure to take

3

adequate precautions amount to deliberate indifference to the decedent's medical needs'" and *Gray*'s related holding that "'there is no general constitutional right of detainees to receive suicide screenings or to be placed in suicide safe facilities, unless *the detainee* has somehow demonstrated a strong likelihood of committing suicide.'" (ECF No. 37, PageID 2472) (quoting *Barber v. City of Salem, Ohio*, 953 F.2d 232, 237–40 (6th Cir. 1992) and *Gray v. City of Detroit*, 399 F.3d 612, 616 (6th Cir. 2005)) (emphasis added). But *Brawner* did no such thing. As it relates to Plair's affirmative policy claim, *Brawner* merely modified the standard for holding a municipality[1] liable for its *response* to a detainee showing a strong likelihood of committing suicide. *See Brawner*, 14 F.4th 594–97.

Finally, Plair claims at one point that "Solomon was administratively segregated, meaning he was an inmate who 'exhibit[s] behavior that poses a serious threat to themselves' per Macomb County's policy." (ECF No. 38, PageID 2498) (citing ECF No. 38-2, PageID 2511). But the fact that Solomon was administratively segregated

---

[1] As the Court explained in its prior Opinion, "Plair does not suggest that the[] policies [that she challenges] moved *Rickert*, nor any other specific MCJ officer, to act with deliberate indifference to Solomon's serious medical need. Rather, she appears to assert that Macomb 'itself, through [these] polic[ies], violated [Solomon's Fourteenth] Amendment rights by manifesting deliberate indifference to h[is] vulnerabilities.'" (ECF No. 37, PageID 2467) (quoting *Morgan by Morgan v. Wayne Cnty.*, 33 F.4th 320, 329 (6th Cir. 2022) and also citing *North v. Cuyahoga Cnty.*, 754 F. App'x 380, 390–91 (6th Cir. 2018)).

4

and the Macomb County policy that Plair cites do not support this statement. The policy provides only that:

> Inmates may be placed on administrative segregation status by the Sheriff, Undersheriff, Jail Administrator, Captains, Jail Operations Lieutenant, Classification Bureau, or Classification Committee. This placement is made only when it has been determined that the inmate cannot be managed within the general population. Inmates on administrative segregation *may* be escape risks, *or* exhibit behavior that poses a serious threat to themselves, property, staff, other inmates *or* the safe and secure management of the facility.

(ECF No. 38-2, PageID 2511) (emphasis added). The policy does *not* state that *every* incarcerated person on administrative segregation has necessarily exhibited behavior that poses a serious threat to himself. Plair cites no evidence that MCJ placed Solomon in administrative segregation for that reason. And in fact, the record suggests that MCJ placed Solomon in segregation for a different reason: because he was an "escape risk[]." Indeed, as the Court explained in its prior Opinion, MCJ moved Solomon to segregation around the same time that it issued him a Major Rule violation for "'an att[empt] to escape.'" ECF No. 37, PageID 2431 (quoting ECF No. 27-10, PageID 302).

Plair has not shown that the Court made a mistake in its prior Opinion. Her Motion is **DENIED**.

    **IT IS SO ORDERED.**

                                                                    s/Paul D. Borman
Dated: August 29, 2023                   Paul D. Borman
                                         United States District Judge