UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIELLE J. PLAIR,

    Plaintiff,

v.

TIMOTHY RICKERT,

    Defendant.
_____/

2:21-cv-12275
Paul D. Borman
United States District Judge

## ORDER GRANTING DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF SUBSEQUENT REMEDIAL MEASURES (ECF No. 44)

Now before the Court is Defendant Timothy Rickert's Motion to Exclude evidence of subsequent remedial measures at trial pursuant to Fed R. Evid. 402, 403, and 407 filed on September 28, 2023. (ECF No. 44). Plaintiff filed her Response to Defendant's motion on October 4, 2023. (ECF No. 48). On October 9, 2023, Defendant filed a Reply in support of his motion.

## II. STATEMENT OF FACTS

**A. Kalieb Solomon's suicide and Plaintiff's current claim.**

On September 12, 2019, Kalieb Solomon was convicted of three counts of armed robbery in state court. (ECF No. 43, PageID.2540). Shortly thereafter, he was returned to his cell at the Macomb Correctional Facility where he committed suicide

by wrapping a damp towel around his neck and hanging himself. (*Id.*) While this was occurring, Solomon's cellmates, hearing Solomon gasping and shouting, yelled to get the attention of the correctional officers. (ECF No. 50, PageID.2769). Plaintiff alleges that Defendant Rickert, a correctional officer at the prison, answered the intercom system and, when the cellmates told Rickert that Solomon was trying to kill himself, Rickert said "there's nothing I can do about it." (ECF No. 50, PageID.2769). When correctional officers checked on Solomon the next morning, he was already dead. (ECF No. 50, PageID.2770).

Plaintiff brought several claims against multiple Defendants, all stemming from Solomon's suicide. At this point in the proceeding, however, the only claim that remains is Plaintiff's Fourteenth Amendment claim against Rickert for failing to take appropriate action to prevent Solomon's suicide. (ECF No. 43, PageID.2542).

**B. The subsequent closure of the maximum-security unit and Defendant's present motion.**

Following his suicide, the maximum-security unit where Solomon was housed was closed. (ECF No. 44, PageID.2597). When asked why the unit was closed, Lt. Daniel Willis, the jail operations lieutenant, stated:

> It was my understanding that every time we get a torrential downpour in rain, that the basement floods in that area, we've had several incidents of flooding and it burns out the elevator. So, I thought that was the main reason why we don't use it.

(ECF No. 48, PageID.2716).

2

Defendant argues that the decision to close the maximum-security unit following Solomon's suicide constitutes a subsequent remedial measure, which is inadmissible under Fed. R. Evid. 407. (ECF No. 44, PageID.2599). Defendant also believes that this evidence is not relevant and is therefore inadmissible under Fed. R. Evid. 402, and 403 as well. (ECF No. 44, PageID.2598).

### III. ANALYSIS

**A. Closing the maximum-security unit was not a subsequent remedial measure taken by a party to the case.**

Fed. R. Evid. 407 states that "[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove" negligence, culpable conduct, a defect in a product or its design, or a need for a warning or instruction. But the Court may "admit this evidence for another purpose, such as impeachment or — if disputed — proving ownership, control, or the feasibility of precautionary measures." Fed. R. Evid. 407.

Plaintiff argues that closing the maximum-security unit is not a subsequent remedial measure subject to exclusion under Rule 407 for two reasons.

    *i.*    ***The maximum-security unit was shut down for reasons unrelated to Solomon's suicide.***

Plaintiff first argues that, since the decision to close the maximum-security unit was unrelated to Solomon's suicide, this decision was not a subsequent remedial measure. Plaintiff is correct. The Sixth Circuit has explained that Rule 407 exists because, if evidence of subsequent remedial measures were admissible, it "might discourage a party from otherwise remedying a potential safety hazard" for fear that it could later be used to prove the party's liability at trial. *Frye v. CSX Transportation, Inc.*, 933 F.3d 591, 603 (6th Cir. 2019).

Here, Plaintiff contends, and Defendant does not dispute, that the maximum-security unit was closed because it frequently flooded during rainstorms and not to prevent additional suicides. (ECF No. 48, PageID.2716). Since Solomon's suicide was in no way related to the unit flooding, there is no concern that closing the unit to prevent further flooding could be used to prove Defendant's liability at trial. Defendant's liability hinges on entirely separate issues. Therefore, the public policy rationale for Rule 407 is inapplicable here and the rule does not bar the admission of this evidence.

***Defendant Rickert was not responsible for shutting down the maximum-security unit.***

Plaintiff next argues that Rule 407 is inapplicable here because it was the Macomb County Sheriff's Department, a non-party, and not Defendant Rickert, who made the decision to close the maximum-security unit. (ECF No. 48, PageID.2718). While the Sixth Circuit has not yet weighed in on the issue, every other Court of

Appeals that has decided the issue has concluded "that Rule 407 does not require the exclusion of subsequent remedial measures taken by a non-defendant." *Bowling v. Scott Cnty., Tenn.*, at *5 (E.D. Tenn. Aug. 10, 2006) (citing those Court of Appeals cases).

The logic behind this is straightforward. Rule 407 exists to encourage parties to take remedial measures to prevent further injuries from occurring by removing the threat that those remedial measures might be used to prove that party's liability at trial. *See* Advisory Committee's Note to Rule 407. The parties to this case are Plaintiff Plair and Defendant Rickert. The Court previously dismissed Macomb County from the case. (ECF No. 37). When a non-party takes the remedial measure, no such encouragement is necessary because that non-party's liability is not at issue. Accordingly, the Court concludes that Rule 407 is inapplicable to subsequent remedial actions taken by non-parties.

Therefore, for both of the above reasons, Rule 407 does not prevent Plaintiff from presenting evidence of the closure of the maximum-security unit.

## B. Evidence of the maximum-security unit is not relevant to the issues remaining in this case.

Although Rule 407 is inapplicable to the evidence at issue here, Plaintiff must still lay a foundation as to how evidence of the maximum-security unit's closure is relevant to the claims remaining against Defendant Rickert. Defendant's motion argues that Plaintiff cannot do so.

Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Evidence is relevant if it makes a fact of consequence "more or less probable than it would be without the evidence." "[E]ven if a district court believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has the slightest probative worth." *United States v. Whittington*, 455 F.3d 736, 738–39 (6th Cir. 2006) (internal quotation marks omitted). But even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

As Plaintiff notes, her remaining claim against Defendant hinges on "whether Defendant Rickert acted recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." (ECF No. 48, PageID.2718) (citing *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Circ. 2021)) (internal quotation marks omitted). Plaintiff further contends that the key fact of consequence in making this determination is "whether Rickert knew or should have known that the intercom system was inadequate and whether he should have checked on Solomon in the face of this danger." (ECF No. 48, PageID.2718).

Plaintiff has not, however, explained how the closure of the maximum-security unit is probative of this fact. Plaintiff wants to have it both ways. First,

Plaintiff argues that the closure is not a subsequent remedial measure because it was done by the Sheriff's Department for reasons entirely unrelated to Solomon's suicide. But now, Plaintiff argues that the closure is somehow related to the issue of whether Rickert knew or should have known that the intercom system was inadequate.

Both things cannot be true simultaneously. If the closure was in fact unrelated to the suicide and was not implemented by Defendant, then it simply cannot be at all probative of whether Defendant knew or should have known about the faulty intercom system.

Furthermore, this evidence would be unfairly prejudicial to Defendant. Unfair prejudice exists when the evidence would lead a jury to make its "decision based on improper considerations." *United States v. Hazelwood*, 979 F.3d 398, 412 (6th Cir. 2020). Since this case depends, in part, on the intercom system in the maximum-security unit, if Plaintiff were able to present evidence about the closure, a jury might infer that the unit was closed due to a faulty intercom system. Since, as Plaintiff acknowledges, this is not why the unit was closed, this inference would be unfairly prejudicial to Defendant.

Because this evidence is irrelevant and because it presents a serious risk of unfair prejudice, evidence pertaining to the closure must be excluded under Rules 402 and 403.

## IV. CONCLUSION

For the above reasons, the Court **GRANTS** Defendant's Motion in Limine to Exclude evidence of the subsequent closure of the maximum-security unit at trial. (ECF No. 44). While the evidence is not a subsequent remedial measure under Fed. R. Evid. 407, it is not relevant to the remaining issues in this case and is thus inadmissible under Fed. R. Evid. 402 and 403.

SO ORDERED.

Dated: October 19, 2023

s/Paul D. Borman
Paul D. Borman
United States District Judge