UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIELLE J. PLAIR,

    Plaintiff,                              2:21-cv-12275
                                                    Paul D. Borman
v.                                            United States District Judge

TIMOTHY RICKERT,

    Defendant.
_____/

**ORDER REGARDING DEFENDANT'S MOTION FOR CLARIFICATION OF THIS COURT'S ORDER GRANTING DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF DEFENDANT RICKERT'S DISCIPLINARY ACTIONS AT TRIAL (ECF No. 55)**

On October 30, 2023, the Court issued an Order granting Defendant Rickert's Motion *in Limine* to exclude evidence of Rickert's disciplinary actions at trial. (ECF No. 54). In it, the Court stated that while evidence of Rickert's disciplinary actions is to be excluded from Plaintiff's case-in-chief, "the Court's holding does not prohibit Plaintiff from questioning Rickert about these disciplinary actions to impeach his testimony were he to testify at trial" pursuant to Fed. R. Evid. 608(b). (ECF No. 54, PageID.2968).

Now before the Court is Defendant Rickert's Motion for Clarification regarding this Order. (ECF No. 55). Defendant Rickert seeks clarification as to three points of the Court's Order: (1) "what constitutes Plaintiff's case-in-chief;" (2)

1

"whether Plaintiff may introduce the disciplinary actions if Rickert testifies at all" or only if "Rickert "opens the door" on direct examination by testifying that he is an honest or truthful person;" and (3) "what specific inquiries may be made into Rickert's disciplinary actions on cross-examination." (ECF No. 55, PageID.2975). The Court addresses each point below.

***i. Specific instances of conduct may only be used to attack a witness's reputation for truthfulness on cross-examination.***

Defendant first seeks clarification as to what constitutes Plaintiff's case-in-chief for purposes of the Court's order. (*Id*). Specifically, Defendant seeks to confirm that "if Plaintiff calls Rickert as a witness and defense counsel cross-examines Rickert, then the disciplinary actions would not be admissible on [Plaintiff's] redirect since it would still be Plaintiff's case-in-chief." (*Id*).

Defendant is correct. Fed. R. Evid 608(b) states in pertinent part:

> **Specific Instances of Conduct.** Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, ***on cross-examination***, allow them to be inquired into if they are probative of the [witness's] character for truthfulness or untruthfulness.

Fed. R. Evid 608(b) (emphasis added). Specific instances of conduct may only be introduced to attack a witness's characterful for truthfulness on cross-examination. If Plaintiff were to call Defendant Rickert as a witness, she would not be cross-

2

examining him so she would not be able to introduce evidence of his disciplinary actions to attack his character for truthfulness.

***ii. Defendant Rickert does not need to "open the door" before Plaintiff can introduce evidence of the disciplinary actions.***

Next, Defendant seeks clarification on the following question:

> [I]f Plaintiff does not call Rickert as a witness and defense counsel calls Rickert in their case-in-chief, would the disciplinary actions automatically become admissible on cross-examination[] [o]r would Rickert have to "open the door" and testify to his character for truthfulness on direct examination before the disciplinary actions become admissible on cross-examination?

(ECF No. 55, PageID.2975).

Defendant Rickert does not need to "open the door" by testifying to his character for truthfulness before Plaintiff can introduce evidence of the disciplinary actions. A witness "open[s] the door" to attacks on their character for truthfulness simply by testifying in a case. *See e.g.*, *Steeg v. Vilsack*, 2016 WL 6471098, at *3 (W.D. Ky. Oct. 28, 2016) (allowing the defendant to use evidence of a witness's "possession and use of a falsified document" to impeach the witness's credibility under Rule 608(b) with no mention of requiring that the plaintiff open the door by testifying to the witness's character for truthfulness first). Once Defendant Rickert testifies, he puts his character for truthfulness at issue and Plaintiff may introduce evidence of Defendant's disciplinary actions to attack this character.

***iii. The extent of the inquiries Plaintiff may make into Defendant Rickert's disciplinary actions.***

3

Lastly, Defendant seeks clarification as to what specific inquiries Plaintiff may make into Defendant's disciplinary actions under the Court's Order. (ECF No. 55, PageID.2976). Defendant posits that, under Fed. R. Evid. 608(b), "while counsel may question a witness about the underlying facts of an alleged bad act on cross-examination, the consequences of the [witness's] bad act may not be mentioned at all." (ECF No. 55, PageID.2976). Given this, Defendant argues that:

> Based on the Committee Notes to Rule 608 as well as the case law cited above, defense counsel contends that Plaintiff may not reference the fact that investigators determined that Rickert lied to them about the content and extent of his discussions with former Deputy Vaneenoo and was "outright deceitful". Nor may she introduce evidence that Rickert was suspended for 45 days without pay as a result of it.

(ECF No. 55, PageID.2977).

Defendant's present motion is one for clarification and is thus not a proper forum for additional new argument; therefore, the Court will not address these arguments here.

Defendant also argues that Plaintiff should be precluded from introducing evidence of Defendant's second disciplinary action to impeach Defendant's character for truthfulness. (ECF No. 55, PageID.2977–78). This disciplinary action stems from Defendant's failure to report an incident in which a female inmate exposed her breasts to him in violation of rules and regulations. (*Id*). "[I]t is

4

Defendant's position" that because he never lied about the incident, he merely failed to report it, "this incident is not admissible at all under Rule 608(b)."

The Court concludes that Defendant is once again offering improper additional argument under the guise of clarification. However, in the interest of proceeding to facilitation and/or to an expeditious trial, the Court rejects Defendant's position. Although Defendant Rickert did not lie to investigators during this incident, he did act dishonestly by failing to acknowledge or report this incident despite the rules mandating he do so immediately. Therefore, the Court finds that it is probative of Defendant's character for truthfulness and thus would be admissible to attack his character for such under Rule 608(b).

SO ORDERED.

Dated:   October 31, 2023                    s/Paul D. Borman
                                             Paul D. Borman
                                             United States District Judge